UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL GRECCO PRODUCTIONS, INC. D/B/A MICHAEL GRECCO PHOTOGRAPHY,

Plaintiff,

v.

8 DECIMAL CAPITAL MANAGEMENT, LLC,

Defendant.

Case No. 20-cv-07466-HSG   (TSH)

**NOTICE RE: DEFAULT JUDGMENT MOTION**

Re: Dkt. No. 21

This matter has been referred to Magistrate Judge Thomas S. Hixson to prepare a report and recommendation on the pending Motion for Default Judgment brought by Plaintiff Michael Grecco Productions, Inc. d/b/a Michael Grecco Photography.  ECF No. 21.  As the deadline to file an opposition under Civil Local Rule 7 has passed and Defendant 8 Decimal Capital Management, LLC has not appeared in this case, Plaintiff is directed to file proposed findings of fact and conclusions of law by May 13, 2021.  The submission shall be structured as outlined in Attachment A below and include all relevant legal authority and analysis necessary to establish the case.  Plaintiff shall also email the proposed findings in Microsoft Word format to tshpo@cand.uscourts.gov.  No chambers copies are required.

Plaintiff shall serve this notice upon all other parties in this action and file proof of service thereafter.  Please contact the courtroom deputy, Rose Maher, at (415) 522-4708 with any questions.

Dated: April 30, 2021

By: _____

Chris Nathan, Deputy Clerk to the
Honorable THOMAS S. HIXSON

# ATTACHMENT A

\* \* \*

## I.   INTRODUCTION

*(Relief sought and disposition.)*

## II.   BACKGROUND

*(The pertinent factual and procedural background, including citations to specific pages or paragraphs in the Complaint and other competent evidence.)*

## III.   LEGAL STANDARD

*(Include the following standard)*

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case.  "The district court's decision whether to enter default judgment is a discretionary one."  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

At the default judgment stage, the factual allegations of the complaint, except those concerning damages, "together with other competent evidence submitted" are deemed admitted by the non-responding parties.  *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1000 (N.D. Cal. 2001); *see also Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true.").  "However, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (citation and quotation omitted)). Therefore, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *accord DIRECTV*, 503 F.3d at 854.  Further, the scope of relief is limited by Federal Rule of Civil Procedure 54(c), which states that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

In determining whether default judgment is appropriate, the Ninth Circuit has enumerated the following factors for courts to consider:

United States District Court
Northern District of California

2

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## IV.   DISCUSSION

**A.      Jurisdiction and Service of Process**

*(Include the following standard)*

In considering whether to enter default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case.  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (considering subject matter jurisdiction on a 12(b)(1) motion).

### 1.      Subject Matter Jurisdiction

*(Establish the basis for the Court's subject matter jurisdiction, including citations to relevant case law and United States Code provisions)*

### 2.      Personal Jurisdiction

#### a.      Basis for Personal Jurisdiction

*(Establish the basis for the Court's personal jurisdiction, including citations to relevant legal authority, specific to each defendant.  If seeking default judgment against any out-of-state defendants, this shall include a minimum contacts analysis under Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004)).*

#### b.      Service of Process

*(Establish the adequacy of the service of process on the party against whom default is requested, including relevant provisions of Federal Rule of Civil Procedure 4.)*

**B.      *Eitel* Factors**

*(A detailed analysis of each individual Eitel factor, separated by numbered headings.  Factors 2*

United States District Court
Northern District of California

*(merits of substantive claims) and 3 (sufficiency of complaint) may be listed and analyzed under one heading.  Plaintiff(s) shall include citations to cases that are factually similar, preferably within the Ninth Circuit.)*

**C.      Relief Sought**

*(An analysis of any relief sought, including a calculation of damages, attorney's fees, and costs, with citations to relevant legal authority.)*

**1.      Damages**

*(As damages alleged in the complaint are not accepted as true, the proposed findings must provide (a) legal authority establishing entitlement to such damages, and (b) citations to evidence supporting the requested damages.)*

**2.      Attorney's Fees**

*(If attorney's fees are sought, the proposed findings shall include the following: (1) Evidence supporting the request for hours worked, including a detailed breakdown and identification of the subject matter of each person's time expenditures, accompanied by actual billing records and/or time sheets; (2) Documentation justifying the requested billing rates, such as a curriculum vitae or resume; (3) Evidence that the requested rates are in line with those prevailing in the community, including rate determinations in other cases of similarly complex litigation, particularly those setting a rate for the plaintiff's attorney; and (4) Evidence that the requested hours are reasonable, including citations to other cases of similarly complex litigation (preferably from this District).)*

**3.      Costs**

*(Any request for costs must include citations to evidence supporting the requested costs and relevant legal authority establishing entitlement to such costs.)*

**V.      CONCLUSION**

*(Disposition, including any specific award amount(s) and judgment.)*

\* \* \*

United States District Court
Northern District of California