1
2
3
4
5
6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

7

MICHAEL GRECCO PRODUCTIONS,
INC. D/B/A MICHAEL GRECCO
PHOTOGRAPHY,

Case No. 20-cv-07466-HSG   (TSH)

8

9

Plaintiff,

**REPORT & RECOMMENDATION RE:
MOTION FOR DEFAULT JUDGMENT**

10

v.

Re: Dkt. No. 21

11

8 DECIMAL CAPITAL MANAGEMENT,
LLC,

12

13

Defendant.

14

## I.    INTRODUCTION

15

16

17

18

19

20

21

22

This is a copyright infringement lawsuit in which Plaintiff Michael Grecco Productions, Inc. d/b/a Michael Grecco Photography, Inc. ("MGP") alleges Defendant 8 Decimal Capital Management, LLC used a photograph owned by MGP without authorization.  MGP's motion for default judgment (ECF No. 21) has been referred to the undersigned for a report and recommendation (ECF No. 25).  8 Decimal has neither appeared nor opposed the motion.  The undersigned finds this matter suitable for disposition without oral argument.  *See* Civ. L.R. 7-1(b).  After carefully reviewing the motion and controlling authorities, the undersigned **RECOMMENDS** the District Court **GRANT** MGP's motion for the following reasons.

23

## II.    BACKGROUND

24

25

26

27

MGP is a professional media and photography company run by photographer Michael Grecco.  Compl. ¶ 8, ECF No. 1.  It is the owner and exclusive rights holder of a photograph taken by Grecco of Google founders Sergey Brin and Larry Page (the "Google Photograph").  *Id.* ¶ 11 & Ex. A (copy of the Google Photograph).  8 Decimal is an investment firm.  *Id.* ¶ 14.

28

In August 2019 MGP discovered that 8 Decimal had incorporated the Google Photograph

United States District Court
Northern District of California

into an advertisement for a series of articles created and distributed by 8 Decimal called "Internet vs. Blockchain Revolution." *Id.* ¶ 15. 8 Decimal also used the advertisement to market the article series through various social media channels. *Id.* ¶ 16 & Ex. B (screenshots of the advertisement featuring the Google Photograph). MGP did not consent to authorize, permit, or allow in any manner the use of the Google Photograph by 8 Decimal. *Id.* ¶ 18.

On October 23, 2020, MGP filed a Complaint against 8 Decimal alleging willful copyright infringement of Plaintiff's Google Photograph in violation of the Copyright Act, 17 U.S.C. § 101 et seq. On November 25, 2020, MGP served 8 Decimal with the complaint through its registered agent in Delaware. ECF No. 16. On January 19, 2021, after 8 Decimal failed to appear or otherwise respond to the complaint, MGP filed a request for entry of default. ECF No. 18. The Clerk of Court entered default against 8 Decimal on January 20, 2021. ECF No. 19.

MGP filed the present motion on February 9, 2021, requesting the following relief:

> 1. A permanent injunction, pursuant to 17 U.S.C. §502, restricting Defendant and its agents, servants, employees, attorneys, successors, licensees, partners, assigns, and all those acting directly or indirectly in concert or participation with any of them, from infringing, by an[y] means and inducing copyright infringement by any means of the exclusive rights of Plaintiff and its affiliates, under the Copyright Act, including but not limited to direct copyright infringement, inducement to infringe copyrights, contributory infringement, and vicarious copyright infringement.
>
> 2. An award to Plaintiff in the sum of $32,425, constituting (a) statutory damages provided by the Copyright Act, 17 U.S.C. § 504, for the infringements alleged in the Complaint, totaling $30,000; (b) attorney's fees totaling $1,900; (c) costs of suit totaling $525; and (d) post-judgment interest at .70% per annum pursuant to 28 U.S.C. § 1961.

Mot. at 2.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) permits a court, following default by a defendant, to enter default judgment in a case. "The district court's decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

At the default judgment stage, the factual allegations of the complaint, except those concerning damages, "together with other competent evidence submitted" are deemed admitted by

the non-responding parties. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1000 (N.D. Cal. 2001); *see also Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true."). "However, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (citation and quotation omitted)). Therefore, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *accord DIRECTV*, 503 F.3d at 854. Further, the scope of relief is limited by Federal Rule of Civil Procedure 54(c), which states that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

In determining whether default judgment is appropriate, the Ninth Circuit has enumerated the following factors for courts to consider:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## IV.   DISCUSSION

### A.   Jurisdiction and Service of Process

In considering whether to enter default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (considering subject matter jurisdiction on a 12(b)(1) motion).

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1. **Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, MGP brings its claim pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (jurisdiction over copyright actions). These claims arise under federal law; thus, the Court has subject matter jurisdiction.

2. **Personal Jurisdiction**

    a.     **Basis for Personal Jurisdiction**

To enter default judgment, the Court must also have a basis for the exercise of personal jurisdiction over the defendants in default. *In re Tuli*, 172 F.3d at 712. "Without a proper basis for [personal] jurisdiction, or in the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007). The party seeking to invoke jurisdiction has the burden of establishing that jurisdiction is proper. *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984).

For a court to exercise personal jurisdiction over a defendant consistent with due process, that defendant must have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). In addition, "the defendant's 'conduct and connection with the forum State' must be such that the defendant 'should reasonably anticipate being haled into court there.'" *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

A court may exercise either general or specific jurisdiction over a defendant. *Ziegler v.*

4

*Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995).  In the instant case, the undersigned concludes that the exercise of general jurisdiction is appropriate.

General jurisdiction exists when a defendant is physically present or when a defendant's activities in the state are "continuous and systematic" such that the contacts approximate physical presence in the forum state.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 804 (9th Cir. 2004) (citation omitted).  "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction."  *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (simplified).  A corporation's principal place of business "refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities . . . which will typically be found at its corporate headquarters."  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

Here, MGP alleges 8 Decimal is a Delaware corporation with a principal place of business at 201 Folsom Street, 26C Tower B, San Francisco, California 94105.  Compl. ¶ 6.  On this basis, the Court finds that Defendant has "substantial" and "continuous and systematic" contacts with California that support the Court's exercise of general personal jurisdiction.  *See Schwarzenegge*r, 374 F.3d at 801 (general jurisdiction exists where a defendant has "continuous and systematic general business contacts . . . that approximate physical presence in the forum state") (citations omitted); *see also Michael Grecco Prods., Inc. v. Enthusiast Gaming, Inc.*, 2020 WL 7227199, at *4 (N.D. Cal. Dec. 8, 2020) (on motion for default judgment in copyright action, finding personal jurisdiction based on principal place of business in San Francisco); *Golden West Veg, Inc. v. Bartley*, 2017 WL 2335602, at *4 (N.D. Cal. May 30, 2017) (finding plaintiff established personal jurisdiction for purposes of default judgment by alleging that defendant had a principal place of business in Salinas, California).  Accordingly, the undersigned finds 8 Decimal is subject to this Court's general jurisdiction.

**b.      Service of Process**

Personal jurisdiction also requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306,

United States District Court
Northern District of California

314 (1950).  "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure 4]."  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

Service on a corporation within the United States may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1)(B).  According to the Delaware Secretary of State, 8 Decimal designated The Corporation Trust Company in Wilmington, Delaware to be its registered agent for service of process.  Carreon Decl. ¶ 4, Ex. A, ECF No. 21-1.  On November 25, 2020, a copy of the summons, complaint, and case management order was personally delivered to The Corporation Trust Company in Wilmington, Delaware.  ECF No. 16.  The Corporation Trust Company accepted service on behalf of 8 Decimal.  *Id.*  In addition, MGP's request for entry of default and motion for default judgment were also served on 8 Decimal via The Corporation Trust Company.  ECF Nos. 18, 21. Accordingly, because 8 Decimal designated The Corporation Trust Company to be its registered agent for service, it has been properly served with process in this matter.

**B.    *Eitel* Factors**

Applying the seven *Eitel* factors, the undersigned finds default judgment is warranted in favor of Plaintiff.

### 1.    The Possibility of Prejudice

The first factor the Court considers is the possibility of prejudice if a default judgment is not entered.  *Eitel*, 782 F.2d at 1471-72.  This factor weighs in favor of default judgment "when a defendant has failed to appear or defend against a suit, and the plaintiffs could not otherwise seek relief."  *Vietnam Reform Party v. Viet Tan – Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (citations omitted); *IO Grp., Inc. v. Jordon*, 708 F. Supp. 2d 989, 997 (N.D. Cal. 2010) (prejudice exists where denying the requested default judgment would leave the plaintiff without a proper remedy).  Because 8 Decimal has not appeared in this action, MGP would be prejudiced absent a default judgment because it would have no other recourse to prevent infringement by 8 Decimal.

United States District Court
Northern District of California

### 2.      Substantive Claims and the Sufficiency of the Complaint

The second and third *Eitel* factors focus on the merits of the substantive claims and the sufficiency of the complaint.  *Eitel*, 782 F.2d at 1471-72.  "These two factors are often analyzed together and require courts to consider whether a plaintiff has 'state[d] a claim on which [it] may recover.'"  *Vietnam Reform Party*, 416 F. Supp. 3d at 962 (quoting *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)).  "Of all the *Eitel* factors, courts often consider the second and third factors to be 'the most important.'"  *Id.* (quoting *Sanrio, Inc. v. Jay Yoon*, 2012 WL 610451, at *4 (N.D. Cal. Feb. 24, 2012)).

The Copyright Act provides protection to authors of original works of authorship.  17 U.S.C. §§ 101-03.  To recover for copyright infringement, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  Here, MGP describes its ownership of the photograph at issue and registration with the United States Copyright Office under registration number VAu 590-445.  Compl. ¶¶ 11-13.  MGP further alleges that 8 Decimal incorporated the Google Photograph into an advertisement for a series of articles created and distributed by 8 Decimal called "Internet vs. Blockchain Revolution," and that it used the advertisement to market the article series through various social media channels.  *Id.* ¶¶ 15-16. The undersigned finds this is adequate factual specificity to meet the second and third *Eitel* factors.  *See Enthusiast Gaming, Inc.*, 2020 WL 7227199, at *7 (finding second and third *Eitel* factors met where plaintiff described its ownership of copyright at issue and alleged that defendant used its copyrighted photograph without authorization); *Michael Grecco Prods., Inc. v. WrapMarket, LLC*, 2017 WL 10434020, at *2 (C.D. Cal. Nov. 8, 2017) (same).

### 3.      The Sum of Money at Stake in the Action

Under the fourth *Eitel* factor, "the Court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  *Dr. JKL Ltd., v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1050 (N.D. Cal. 2010) (citation and quotation marks omitted).  When the amount at stake is substantial or unreasonable in light of the allegations in the complaint, default judgment is disfavored.  *See Eitel*, 782 F.2d at 1472 (affirming the denial of default judgment where the

United States District Court
Northern District of California

plaintiff sought $3 million in damages and the parties disputed material facts in the pleadings). "However, when the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014).

Here, MGP seeks to recover $30,000 in statutory damages. The undersigned finds this request is reasonable and proportional to the copyright violation set forth in MGP's complaint, especially given the willful nature of the violation. *See* Section IV(C)(2), *infra* (discussing why statutory damages are appropriate in this case and why MGP has adequately alleged that 8 Decimal's infringement was willful). The undersigned notes that in similar cases involving infringement of MGP's photographs, courts have granted higher damages. *See Enthusiast Gaming, Inc.*, 2020 WL 7227199, at *8  (granting default judgment to MGP in the amount of $60,000 for infringement of one of its photographs); *Michael Grecco Prods., Inc., v. Function(X) Inc.*, 2019 WL 1368731, at *6 (S.D.N.Y. Mar. 11, 2019) (granting default judgment to MGP in the amount of $71,655 for infringement of two of its photographs); *Michael Grecco Prods., Inc. v. Soffersapp, LLC*, 2017 WL 5665382, at *2 (S.D. Fla. Nov. 8, 2017) (granting default judgment to MGP in the amount of $300,000 for infringement of two of its photographs); *WrapMarket, LLC*, 2017 WL 10434020, at *5 (finding that an award of $60,000 in statutory damages for infringement of two photographs on a website "is fair and just in this case."). Therefore, the undersigned finds the fourth *Eitel* factor weighs in favor of default judgment.

### 4. The Possibility of Dispute Concerning Material Facts

The fifth *Eitel* factor examines the likelihood of dispute between the parties regarding the material facts surrounding the case. *Eitel*, 782 F.2d at 1471-72. However, upon entry of default, the defendant is "deemed to have admitted all well-pleaded factual allegations" in the complaint. *DirecTV*, 503 F.3d at 851 (citing Fed. R. Civ. P. 55(a)). Accordingly, this factor weighs in favor of default judgment.

### 5. Whether Default was Due to Excusable Neglect

The sixth *Eitel* factor examines whether the defendant's failure to respond to the complaint was the result of excusable neglect. *Eitel*, 782 F.2d at 1471-72. Here, MGP provided adequate

notice of this action, *see* ECF No. 16, yet 8 Decimal made no appearance and failed to respond to the present motion. *See S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) ("A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence.") (simplified). Further, there is nothing in the record suggesting this failure is based on excusable neglect. *See Shanghai Automation*, 194 F. Supp. 2d at 1005 (default after proper service was not excusable neglect). Thus, this factor supports default judgment.

### 6. Policy Favoring Deciding a Case on its Merits

The last *Eitel* factor examines whether the policy of deciding a case based on the merits precludes entry of default judgment. *Eitel*, 782 F.2d at 1472. In *Eitel*, the Ninth Circuit admonished that "[c]ases should be decided on their merits whenever reasonably possible." *Id.* "The existence of Federal Rule of Civil Procedure 55(b), however, shows that this policy is not dispositive." *McMillan Data Commc'ns, Inc. v. AmeriCom Automation Servs., Inc.*, 2015 WL 4380965, at *11 (N.D. Cal. July 16, 2015) (citing *Kloepping v. Fireman's Fund*, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996)). Further, "deciding the case on the merits is impossible where a party refuses to participate." *Vietnam Reform Party*, 416 F. Supp. 3d at 970. Thus, because 8 Decimal Capital Management, LLC made no effort to respond to communication attempts by MICHAEL GRECCO PRODUCTIONS, INC. d/b/a Michael Grecco Photography and in no way participated in the proceedings, "[t]his factor thus weighs against, but does not preclude, entry of default judgment." *Id.*

### 7. Summary of the *Eitel* Factors

In sum, the majority of the *Eitel* factors weigh in favor of granting default judgment. Accordingly, the undersigned **RECOMMENDS** the District Court **GRANT** MGP's motion and enter default judgment against 8 Decimal.

## C. Relief Sought

The Court next turns to the relief MGP seeks. Once liability is established, the plaintiff must then establish that the requested relief is appropriate. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). A "default judgment must not differ in kind from, or exceed in amount,

what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### 1.   Injunctive Relief

MGP seeks a permanent injunction

> restricting Defendant and its agents, servants, employees, attorneys, successors, licensees, partners, assigns, and all those acting directly or indirectly in concert or participation with any of them, from infringing, by any means and inducing copyright infringement by any means of the exclusive rights of Plaintiff and its affiliates, under the Copyright Act, including but not limited to direct copyright infringement, inducement to infringe copyrights, contributory infringement, and vicarious copyright infringement.

Mot. at 2.

Injunctions are authorized under 17 U.S.C. § 502(a) to "prevent or restrain infringement of a copyright." "According to well-established principles of equity," a plaintiff seeking a permanent injunction must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). "Generally, 'absent a great public injury, a permanent injunction will be granted when liability has been established and there is a threat of a continuing violations.'" *WrapMarket, LLC*, 2017 WL 10434020, at *4 (quoting *Microsoft Corp. v. Evans*, 2007 WL 3034661, at *11 (E.D. Cal. Oct. 17, 2007), *report and recommendation adopted*, 2007 WL 4209368 (E.D. Cal. Nov. 28, 2007)).

The undersigned finds MGP has established that all four factors are met and that a permanent injunction is warranted. First, without a permanent injunction, 8 Decimal may continue displaying the Google Photograph, and MGP will be exposed to irreparable injury in the form of diminished market value of the photograph and a loss of licensing fees. *See, e.g., Apple Inc. v. Psystar Corp.*, 673 F. Supp. 2d 943, 949 (N.D. Cal. 2009), *aff'd*, 658 F.3d 1150 (9th Cir. 2011) (irreparable injury exists where infringement harms the competitive position and market share of the copyrighted work); *WrapMarket, LLC*, 2017 WL 10434020, at *4 (same).

Monetary damages are not sufficient to compensate MGP for this injury because it would

United States District Court
Northern District of California

10

be forced to bring repeated lawsuits to recover for ongoing infringement. *Apple Inc.*, 673 F. Supp. 2d at 949; *WrapMarket, LLC*, 2017 WL 10434020, at *4. The balance of hardships also weighs in favor of issuance of an injunction because if an injunction is not issued, 8 Decimal may continue its infringement and MGP will continue to be irreparably harmed. On the other hand, should 8 Decimal wish to display MGP's photograph, it need only obtain a license. Furthermore, 8 Decimal cannot claim legitimate hardship resulting from an injunction prohibiting it from engaging in illegal copyright infringement. *Apple Inc.*, 673 F. Supp. 2d at 949; *WrapMarket, LLC*, 2017 WL 10434020, at *4. Finally, an injunction is in the public interest because "the public receives a benefit when the legitimate rights of copyright holders are vindicated." *Apple Inc.*, 673 F. Supp. 2d at 949; *WrapMarket, LLC*, 2017 WL 10434020, at *4.

While MGP has established that an injunction is warranted, the scope of the injunction it seeks is overbroad. MGP seeks an injunction against 8 Decimal for *any* work that MGP has registered, yet the allegations in its complaint are limited to the Google Photograph. As MGP has not shown that it is entitled to an injunction covering anything at all that it has copyrighted, the undersigned recommends the injunction be limited to the Google Photograph.

### 2. Damages

The moving party has the burden to "prove up" the amount of damages. *United States v. Sundberg*, 2011 WL 3667458, at *6 (N.D. Cal. Aug. 22, 2011) (citation omitted). Where the amount of damages "is liquid or capable of ascertainment from definite figures contained in documentary evidence or detailed affidavits, the Court may enter default judgment without a hearing on damages." *Id.* (internal quotation marks and citation omitted); *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981) ("a default judgment for money may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation").

MGP seeks $30,000 in statutory damages. Mot. at 7. A plaintiff may elect to receive statutory damages for a copyright infringement claim. 17 U.S.C. § 504(c)(1). For copyright infringement, a plaintiff may elect to recover statutory damages "of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). If the court determines that the infringement was willful, however, a plaintiff may recover a maximum of $150,000 per work

infringed.  *Id.* § 504(c)(2).

In determining the amount of statutory damages to be awarded, courts should be guided by "the nature of the copyright, the circumstances of the infringement and the . . . express qualification that in every case the assessment must be within the prescribed maximum or minimum." *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990).  Courts should ensure that statutory damages awards on default judgment "bear[ ] a 'plausible relationship to Plaintiff's actual damages.'" *Yelp Inc.*, 70 F. Supp. 3d at 1102 (quoting *Adobe Sys., Inc. v Tilley*, 2010 WL 309249, at *5 (N.D. Cal. Jan. 19, 2010)).  "While a plaintiff in a trademark or copyright infringement suit is entitled to damages that will serve as a deterrent, it is not entitled to a windfall."  *Id.*

"To establish a prima facie case of willful infringement[,] plaintiff must demonstrate that defendant was aware, or should have been aware, that his activities were infringing."  *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003).  Here, MGP has established a prima facie case of willful infringement because the circumstances indicate that 8 Decimal knew MGP did not consent to authorize, permit, or allow in any manner the use of the Google Photograph.  Compl. ¶ 18.  Nonetheless, 8 Decimal used the photograph without obtaining authorization from MGP.  Thus, MGP has adequately pled that 8 Decimal engaged in willful infringement, and it is permitted to recover a maximum of $150,000 per work infringed.  *See Enthusiast Gaming, Inc.*, 2020 WL 7227199, at *10 (willful infringement shown where photograph used without authorization); *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1072 (C.D. Cal. 2004) ("since Warner Bros. alleged (and, by virtue of the entry of default, proved) willful infringement by Caridi, Warner Bros. is entitled to received [sic] enhanced statutory damages in an amount not to exceed $150,000" per infringement).

MGP's statutory damages award must bear a plausible relationship to its actual damages.  *Id.*  Actual damages are "often measured by the revenue that the plaintiff lost as a result of the infringement," and "a claim for lost profits may include a retroactive license fee measured by what the plaintiff would have earned by licensing the infringing use to the defendant." *Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1276 (M.D. Fla. 2008) (quoting *Montgomery v. Noga*, 168 F.3d

United States District Court
Northern District of California

1282, 1295-96 & n.19 (11th Cir. 1999)); *Enthusiast Gaming, Inc.*, 2020 WL 7227199, at *10.

"The amount the plaintiff would have earned can be estimated using benchmark licenses, or 'what licensors have paid for use of similar work.'" *Enthusiast Gaming, Inc.*, 2020 WL 7227199, at *10 (quoting *Thornton*, 580 F. Supp. at 1276.

Here, MGP has shown that $30,000 represents approximately double the licensing fee for the Google Photograph. Mot. at 8; Carreon Decl. ¶¶14-18 & Ex. C (2016 license between MGP and Stanford University for use of the Google Photograph on its website for $17,500). Statutory damages are larger than actual damages because "in addition to compensating Plaintiff, statutory damages are intended to provide a penalty against defendants and deter potential future infringement by similarly situated actors." *Adobe Sys. Inc. v. Kern*, 2009 WL 5218005, at *1 (N.D. Cal. Nov. 24, 2009). To provide a sufficient penalty and adequate deterrence, courts often use a multiple of a licensing fee in calculating statutory damages. *Broadcast Music, Inc. v. Opitz*, 2018 WL 6613829, at *4 (N.D. Cal. Oct. 12, 2018) (collecting cases in this district), *report and recommendation adopted*, 2018 WL 6615140 (Nov. 19, 2018); *Broad. Music, Inc. v. Paden*, 2011 WL 6217414, at *5 (N.D. Cal. Dec. 14, 2011) (collecting cases). "Courts have consistently held that a statutory damages award three times the amount that the plaintiff would have received in licensing fees is appropriate under [17 U.S.C. § 504(c)]." *Paden*, 2011 WL 6217414, at *5. In some cases involving willful infringement, courts make higher awards. *See, e.g., BWP Media USA, Inc. v. Gossip Cop Media, Inc.*, 196 F. Supp. 3d 395, 410 (S.D.N.Y. 2016) (awarding five times licensing fee); *Broadcast Music, Inc. v. Prana Hospitality, Inc.*, 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016) (awarding five times licensing fee in case of willful infringement); *Broadcast Music, Inc. v. Shabby, Inc.*, 2006 WL 8442289 (N.D. Cal. Apr. 27, 2006), *report and recommendation adopted*, 2006 WL 8442290 (N.D. Cal. May 15, 2006) (granting more than five times licensing fee).

As MGP seeks $30,000, the undersigned finds this amount bears a plausible relationship to its actual damages of $17,500 because it represents less than double the licensing fee. Moreover, this amount will deter potential future infringement by similarly situated actors by increasing the cost of copyright infringement. Finally, this amount does not represent a "windfall," particularly

United States District Court
Northern District of California

in light of the willful nature of the infringement.  Indeed, this amount represents one-fifth of the $150,000 statutory limit on damages for willful infringement.  Furthermore, the undersigned notes that the Court is unable to determine the relationship of this amount to the profits 8 Decimal may have gathered as a result of featuring the photograph because of 8 Decimal's failure to appear.  Thus, the undersigned finds an award of  $30,000 in statutory damages appropriate.

### 3.    Attorneys' Fees

MGP also seeks $1,900 in attorney's fees.  Mot. at 8.  A court may award "full costs, including reasonable attorneys' fees, to the prevailing party in a claim arising under the Copyright Act."  17 U.S.C. § 505; *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1074 (D. Ariz. 2006) (plaintiff securing default judgment is "prevailing party").  Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  A reasonable fee is determined by multiplying (1) "the number of hours reasonably expended on the litigation" by (2) "a reasonable hourly rate."  *Hensley*, 461 U.S. at 433.  The lodestar amount may also be adjusted based on an evaluation of the factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  *See Fischer*, 214 F.3d at 1119 (citation omitted).

### a.    Reasonableness of Hourly Billing Rate

To determine the appropriate lodestar amount, the Court must first assess the reasonableness of counsel's claimed hourly billing rate.  *Credit Managers Ass'n of S. Cal. v. Kennesaw Life & Accident Ins. Co.*, 25 F.3d 743, 750 (9th Cir. 1994).  Courts look to the prevailing market rates in the relevant community for similar work by attorneys of comparable skill, experience, and reputation.  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).  Generally, the relevant community is the forum where the district court sits.  *Id.*  The applicant bears the burden to produce sufficient evidence that the rates claimed for its attorneys are in line with prevailing market rates.  *Fischer*, 214 F.3d at 1121 (citing *Hensley*, 461 U.S. at 433).  "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the

14

plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *U. Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).  Put differently, the party seeking fees bears the burden to prove the reasonableness of hours expended using detailed time records documenting completed tasks and time expended.  *Hensley*, 461 U.S. at 437; *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019) ("It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate.").

When a party seeking fees submits declarations, courts must consider those declarations and cannot substitute that analysis by only considering previous fee awards.  *Roberts*, 938 F.3d at 1024 ("The district court diverged from the applicable standard in discarding the declarations entirely and considering *only* previous fee awards in determining the prevailing market rate.") (emphasis in original).  Indeed, the Ninth Circuit has explained that solely "[e]xamining prior fee awards to [even the same attorneys] in the district [is] not an acceptable substitute for considering declarations submitted by [that attorney], and explaining why those declarations did or did not establish the prevailing hourly rate in the district." *Id.* at 1025.

At the same time, district courts must remember that "[a] reasonable fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018) (quotation marks omitted).  The purpose of granting fees in cases like the instant case is both "to attract qualified counsel to civil rights cases and [to] avoid[] a windfall to counsel.  The way to do so is to compensate counsel at the prevailing rate in the community for similar work; no more, no less." *Id.* (quotation marks, citations, and internal alterations omitted).

MGP's attorney, Ryan E. Carreon, has been practicing intellectual property litigation for five years and has an hourly rate of $380 per hour.  Carreon Decl. ¶¶ 22-23.  The undersigned finds this rate reasonable.  *See, e.g., Myeress v. USA World Business Servs., Inc.*, 2017 WL 990587, at *6 (N.D. Cal. Mar. 3, 2017)*, report and recommendation adopted*, 2017 WL 976916 (N.D. Cal. Mar. 14, 2017) (on motion for default judgment in copyright action, finding rate of $395 for associate with four years of experience reasonable); *Glynn v. Cigar Store, Inc.*, 2018 WL 3145683, at *6 (N.D. Cal. June 27, 2018) ($395 per hour is reasonable); *Reiffer v. Shearwater*

*Pac. Cap. Mgmt. LLC*, 2020 WL 7048307, at *9 (N.D. Cal. May 13, 2020), *report and recommendation adopted*, 2020 WL 7050026 (N.D. Cal. June 22, 2020) (rates of $395 to $450 per hour are reasonable).

### b.    Reasonableness of Hours Billed

Having determined the reasonable hourly rate to be applied, the undersigned proceeds to determine the number of hours reasonably expended on the litigation.  *Fischer*, 214 F.3d at 1119. The Court "may not attempt to impose its own judgment regarding the best way to operate a law firm, nor to determine if different staffing decisions might have led to different fee requests." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008).  At the same time, however, the Ninth Circuit has recently explained that "district courts have a *duty* to ensure that claims for attorneys' fees are reasonable, and a district court does not discharge that duty simply by taking at face value the word of the prevailing party's lawyer for the numbers of hours expended on the case.  Rather, a district court must ensure that the winning attorneys have exercised billing judgment."  *Vogel*, 893 F.3d at 1160 (emphasis in original and quotation marks and citations omitted).

Carreon states that he has spent five hours prosecuting this matter.  Carreon Decl. ¶ 25; Carreon Suppl. Decl., Ex. A, ECF No. 28-1.  The undersigned finds he has exercised sound billing judgment and that this claim is reasonable.

### c.    Lodestar Calculation

Based on this analysis, the undersigned finds counsel's rates and hours expended are reasonable and therefore recommends the District Court award MGP attorney's fees in the amount of $1,900.

### 3.    Costs

Under the Copyright Act, "the court in its discretion may allow the recovery of full costs by or against any party[.]"  17 U.S.C. § 505.  MGP seeks $525 in the form of a $400 filing fee and $125 service of process fee.  Carreon Suppl. Decl., Ex. A.  The filing fee and service of process fee are considered reasonable costs in court cases.  *Nat'l Photo Grp., LLC v. Pier Corp.,* 2014 WL 12576641, at *5 (C.D. Cal. Mar. 10, 2014) (holding that $400 for the filing fee and $65 for service

United States District Court
Northern District of California

of process is a reasonable cost); *Strike 3 Holdings, LLC v. Doe*, 2019 WL 1277561, at *8 (N.D.

Cal. Mar. 20, 2019) (finding $400.00 filing fee and $863.66 in service costs reasonable).  The

undersigned therefore finds these costs are reasonable and should be awarded.

## V.    CONCLUSION

Based on the above analysis, the undersigned **RECOMMENDS** the District Court

**GRANT** MGP's motion and enter judgment against Defendant 8 Decimal Capital Management,

LLC.  The undersigned further **RECOMMENDS** the Court issue a permanent injunction

restricting 8 Decimal from infringing, by any means and inducing copyright infringement by any

means of the exclusive rights of MGP in the Google Photograph under the Copyright Act.  The

undersigned further **RECOMMENDS** the Court award MGP $30,000 in statutory damages,

$1,900 in attorney's fees, and $525 in costs.

MGP shall serve a copy of this Report and Recommendation upon Defendant and file

proof of service thereafter.  Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure

72(b)(2), a party may serve and file any objections within 14 days after being served.  Failure to

file objections within the specified time may waive the right to appeal the district court's order.

**IT IS SO RECOMMENDED.**

Dated: June 1, 2021

_____
THOMAS S. HIXSON
United States Magistrate Judge